**UNITED STATES of America,**
Appellee,

v.

**Yoon Shik PARK, Defendant–Appellant.**

No. 06–4404–cr.

United States Court of Appeals, Second Circuit.

May 22, 2008.

---

Julia Pamela Heit, New York, NY, for Defendant–Appellant.

Katherine Goldstein, Assistant United States Attorney (Jonathan S. Kolodner, Assistant United States Attorney, of counsel), Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Yoon Shik Park appeals from a judgment of the United States District Court for the Southern District of New York (Sand, J.), entered on September 18, 2006, convicting him following a jury trial of conspiring to distribute and possess with intent to distribute 3,4 methylenedioxymethamphetamine ("MDMA" or "ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. The district court sentenced Park principally to 151 months' imprisonment and three years of supervised release. We assume the parties' familiarity with the facts and procedural history of the case.

Park argues that the district court erroneously admitted, in violation of the Confrontation Clause, two phone conversations between DEA Agent Benjamin Yu, pretending to be Park, and an unidentified individual named "Jumbo." Under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), testimonial

statements of a witness who does not appear at trial are inadmissible under the Confrontation Clause unless that witness was unavailable to testify and the defendant had had a prior opportunity for cross-examination. *Id.* at 68, 124 S.Ct. 1354. However, "the right to confrontation only extends to testimonial statements, or, put differently, the Confrontation Clause simply has no application to nontestimonial statements." *United States v. Feliz*, 467 F.3d 227, 231 (2d Cir.2006). Because "Jumbo" was unaware of the identity of the agent during the phone calls, the statements at issue here are nontestimonial. *See United States v. Saget*, 377 F.3d 223, 229 (2d Cir.2004) ("[A] declarant's statements to a confidential informant, whose true status is unknown to the declarant, do not constitute testimony within the meaning of *Crawford*."). Therefore, the admission of the conversations does not violate the Confrontation Clause.[1]

Park also asserts that the district court miscalculated the applicable advisory Guidelines range by erroneously relying on incredible testimony from Kit Lau, a government informant who testified that he provided Park with nearly 19,000 ecstasy pills. We review the district court's factual findings for clear error, *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir.2005), and are especially deferential to findings based on witness credibility, *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir.1993). The district court recognized, as Park argues here, that Lau's testimony was at times vague and based on approximations, and adjusted its findings accordingly. Basing its conclusions on only those

---

1. Park appears to limit his challenge against the phone conversations to the Confrontation Clause and does not appear to challenge independently their admission as hearsay in violation of Federal Rule of Evidence 803. Accordingly, we view any such argument to be waived. *See Norton v. Sam's Club,* 145 F.3d

114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Nevertheless, we conclude that any error in admitting the statements as non-hearsay is harmless in light of the other evidence presented at trial.

drug deals that it deemed to be thoroughly detailed, "convincing and essentially unchallenged," the district court found by a preponderance of the evidence that Park distributed "approximately 8,000 pills, but, in any event, clearly above 5,600." We conclude that this finding was not clearly erroneous. Park's argument that the district court could not rely at all on Lau's testimony is without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.